**Order entered February 15, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01052-CR

### DRESEYON ISIAH OWENS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-41487**

## ORDER

On December 20, 2023, this Court struck volume 2 of the "sealed" clerk's record because it did not contain a sealing order. We ordered the district clerk to file within ten days an unsealed volume 2 of the clerk's record with any documents not subject to an order by the trial court sealing the documents and, if appropriate, a sealed volume of the clerk's record with the trial court's sealing order and the sealed documents. When the district clerk failed to refile volume 2 of the clerk's record by January 27, 2023, we asked appellant to provide notice whether the

documents in the stricken volume 2 of the clerk's record were necessary to the appeal. On February 7, 2023, appellant notified the Court that the documents are necessary to the appeal. On February 9, 2023, the district clerk refiled volume 2 of the clerk's record; the cover page of the volume states the volume is "sealed," but again the clerk's record does not include a sealing order.

We **STRIKE** volume 2 of the clerk's record filed February 9, 2023.

We **ORDER** the Honorable Raquel Rocky Jones, Presiding Judge, 203rd Judicial District Court, to determine whether any of the documents in volume 2 of the reporter's record contain sensitive or confidential data and should be subject to a sealing order. Judge Jones shall identify which documents, if any, should be subject to a sealing order; Judge Jones shall sign a sealing order sealing those documents the trial court found should be subject to a sealing order; and Judge Jones shall notify the district clerk of the sealing order or that no documents are subject to a sealing order within **THIRTY DAYS** of the date of this order.

If the trial court determines that none of the documents should be subject to a sealing order, then the district clerk shall transmit volume 2 of the clerk's record to this Court in an unsealed volume of the clerk's record without a sealing order. If the trial court determines that some or all of the documents should be subject to a sealing order, then the district clerk shall transmit those documents in a sealed

volume of the clerk's record to this Court with the sealing order as the first document in the sealed volume of the clerk's record; and the district clerk shall transmit any remaining unsealed documents in a separate unsealed volume of the clerk's record without a sealing order. *See* TEX. R. APP. P. 9.10(g). We **ORDER** Felicia Pitre, Dallas County District Clerk, to file the sealed and/or unsealed volumes of the clerk's record with this Court within **FIFTEEN DAYS** of receiving notice from the trial court of which documents, if any, are subject to a sealing order and receiving any applicable sealing order from the trial court.

Appellant's brief shall be due **THIRTY DAYS** after the sealed and/or unsealed volume 2 of the clerk's record is received in this Court.

This appeal is **ABATED** to allow the trial court to comply with the above order. This appeal shall be reinstated when the record transmitted by the trial court is received or at such other time as the Court deems proper.

We **DIRECT** the clerk to send copies of this order to the Honorable Raquel Rocky Jones, Presiding Judge, 203rd Judicial District Court; Felicia Pitre, Dallas County District Clerk; and to counsel for all parties.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE